# EXHIBIT A

NAGEL RICE, LLP
Bruce H. Nagel - 025931977
Michael J. Paragano - 032092011
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiff, Juan Gonzalez

| | |
|---|---|
| JUAN GONZALEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND A. STEVES, LEROY HOLDING COMPANY, LAPELL'S TRUCKING INCORPORATED, JOHN DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MIDDLESEX COUNTY<br>DOCKET NO.:<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Juan Gonzalez (hereinafter "Plaintiff"), residing at 33 Storms Avenue, Haskell, New Jersey 07420, by way of Complaint against the Defendants, alleges and says:

### FIRST COUNT

1. At all relevant times, Plaintiff, Juan Gonzalez was a resident of Haskell, New Jersey.

2. On or about December 3, 2021, at approximately 4:04 p.m., Plaintiff was traveling northbound in the South Outer Service Area lane on the New Jersey Turnpike in the area of milepost 78.1 in the Township of East Brunswick, County of Middlesex and State of New Jersey.

3. At that time, Defendant, Raymond A. Steves, residing at 143 Ryder Road in the Village of Whitehall, County of Washington and State of New York was the operator of a truck owned by Defendant, Leroy Holding Company, and/or Defendant, Lapell's Trucking Incorporated, which was traveling northbound in the right lane on the New Jersey Turnpike in the area of milepost 78.1 in the Township of East Brunswick, County of Middlesex and State of New Jersey, in a careless, reckless and negligent manner when he failed to maintain his lane of travel and struck the vehicle being driven by Plaintiff.

4. At that time, Defendant Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown) was in the course of his employment with Defendant, Leroy Holding Company and/or Defendant, Lapell's Trucking Incorporated.

5. At that time, Defendant, Leroy Holding Company maintained a principal business address of 26 Main Street in the City and County of Albany and State of New York.

6. At that time, Defendant, Lapell's Trucking Incorporated maintained a principal business address of 1750 Call Street in the Town of Lake Luzrene, County of Warren and State of New York.

7. At that time, Defendant, Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown) was an agent, servant and/or employee of Defendant, Leroy Holding

2

Company, Defendant Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown). Defendant, Leroy Holding Company, Defendant Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) are responsible for the actions of their agents, servants and/or employees and as such are liable under a theory of *respondeat superior*.

8. As a result of the negligence, carelessness and recklessness of Defendant, Raymond A. Steves, Defendant's vehicle crossed the into Plaintiff's lane of travel and struck Plaintiff's vehicle, causing Plaintiff to suffer serious bodily injuries.

9. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe permanent injuries, pain, suffering, disability, impairment, loss of enjoyment of life, and economic damages.

WHEREFORE, Plaintiff Juan Gonzalez demands judgment against Defendants, Raymond A. Steve, Leroy Holding Company, Lapell's Trucking Incorporated, John Does 1-10 and/or ABC Corps. 1-10, and/or each of them jointly, severally, or in the alternative for damages, together with interest, attorneys' fees and such further relief as the Court deems equitable and just.

3

## SECOND COUNT

10. Plaintiff repeats all preceding paragraphs of this Complaint as if set forth at length herein.

11. At all times relevant hereto, Defendants, Leroy Holding Company, Defendant Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) were the owners of the motor vehicle being driven by Defendant, Raymond A. Steves, and/or John Does 1-10 (said names fictitious, real names unknown), and authorized Defendant Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown), to drive their motor vehicle.

12. At that time, Defendant, Leroy Holding Company, Defendant Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) did so negligently, carelessly and/or recklessly entrust their motor vehicle to Defendant Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown).

13. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe permanent injuries, pain, suffering, disability, impairment, loss of enjoyment of life, and economic damages.

14. As such, Defendant, Leroy Holding Company,

4

Defendant Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) are vicariously liable and vicariously responsible for negligent actions committed by Defendant, Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown).

WHEREFORE, Plaintiff Juan Gonzalez demands judgment against Defendants, Raymond A. Steve, Leroy Holding Company, Lapell's Trucking Incorporated, John Does 1-10 and/or ABC Corps. 1-10, and/or each of them jointly, severally, or in the alternative for damages, together with interest, attorneys' fees and such further relief as the Court deems equitable and just.

### THIRD COUNT

15. Plaintiff repeats all preceding paragraphs of this Complaint as if set forth at length herein.

16. At all times relevant hereto, Defendant, Leroy Holding Company, Defendant, Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) did so negligently, carelessly and/or recklessly hire Defendant, Defendant Raymond A. Steves and/or John Does 1-10 (said names fictitious, real names unknown).

17. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe permanent injuries, pain,

Case 3:22-cv-03038-ZNQ-RLS   Document 1-2   Filed 05/24/22   Page 7 of 10 PageID: 14

MID-L-001890-22   04/19/2022 10:31:35 AM   Pg 6 of 8   Trans ID: LCV20221552728

suffering, disability, impairment, loss of enjoyment of life, and economic damages.

WHEREFORE, Plaintiff Juan Gonzalez demands judgment against Defendants, Raymond A. Steve, Leroy Holding Company, Lapell's Trucking Incorporated, John Does 1-10 and/or ABC Corps. 1-10, and/or each of them jointly, severally, or in the alternative for damages, together with interest, attorneys' fees and such further relief as the Court deems equitable and just.

## FOURTH COUNT

18.     Plaintiff repeats all preceding paragraphs of this Complaint as if set forth at length herein.

19.     At all times relevant hereto, Defendant, Leroy Holding Company, Defendant, Lapell's Trucking Incorporated, John Does 1-10 (said names fictitious, real names unknown), and/or ABC Corps. 1-10 (said names fictitious, real names unknown) acted with wilful and wanton disregard and reckless indifference for the health and safety of persons using the public roadways, more specifically Plaintiff, Juan Gonzalez, who foreseeably might be severely harmed by such actions.

20.     As a direct and proximate result of Defendants' wilful and wanton disregard and reckless indifference actions and/or omissions as aforesaid, Plaintiff suffered severe permanent injuries, pain, suffering, disability, impairment, loss of enjoyment of life, and economic damages.

WHEREFORE, Plaintiff Juan Gonzalez demands judgment against Defendants, Raymond A. Steve, Leroy Holding Company, Lapell's Trucking Incorporated, John Does 1-10 and/or ABC Corps. 1-10, and/or each of them jointly, severally, or in the alternative for damages, together with interest, attorneys' fees and such further relief as the Court deems equitable and just.

### JURY DEMAND

A trial by jury is hereby demanded on all issues.

### DESIGNATION OF TRIAL COUNSEL

Bruce H. Nagel, Esq. is hereby designated as trial counsel in the above captioned matter.

### DEMAND FOR DOCUMENTS

Plaintiff demands that the defendants each produce copies of all documents with regard to the accident and claims at issue, including all photographs, within 30 days of the service of the complaint.

### DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

**DEMAND FOR INTERROGATORIES**

Plaintiff demands that the defendants each serve certified answers to the Form C Interrogatories and Form C(1) Interrogatories within sixty (60) days of service of this Complaint.

**RULE 4:5-1 CERTIFICATION**

I hereby certify the within action is not the subject matter of any other actions in this court or any other court. I further certify that the matter in controversy is not the subject of any arbitration proceedings.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

NAGEL RICE, LLP
Attorneys for Plaintiff

*Michael J. Paragano*

MICHAEL J. PARAGANO

Dated:   April 19, 2022

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-001890-22**

Case Caption: GONZALEZ JUAN VS STEVES RAYMOND
Case Initiation Date: 04/19/2022
Attorney Name: MICHAEL J PARAGANO
Firm Name: NAGEL RICE LLP
Address: 103 EISENHOWER PKWY
ROSELAND NJ 07068
Phone: 9736180400
Name of Party: PLAINTIFF : Gonzalez, Juan
Name of Defendant's Primary Insurance Company
(If known): Unknown

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Juan Gonzalez? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/19/2022                                                                    /s/ MICHAEL J PARAGANO
Dated                                                                                            Signed